IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| WARREN WARCLUB, | Cause No. CV 12-00093-H-DLC-RKS |
|---|---|
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| MIKE FERRITER, Director, Dept. of Corrections MT; ELIZABETH RANTZ, MD, Medical Director for Dept. of Corrections; and FRANK RAISER, Contract Surgeon Dept. of Corrections, | |
| Defendants. | |

## I. SYNOPSIS

Plaintiff Warren Warclub alleges he is being denied adequate treatment for a hernia. His allegations largely repeat those he presented in a previous lawsuit. The repeated allegations are barred by the operation of res judicata and the statute of limitations. Mr. Warclub's new allegations fail to state a claim because they are

1

conclusory and do not allege deliberate indifference to his serious medical need. The Complaint should be dismissed with leave to amend.

Mr. Warclub has also filed a motion for summary judgment on October 15, 2012 (C.D. 4). Mr. Ferriter has moved to strike that motion for failure to comply with the Court's local rules. C.D. 5. The Motion for Summary Judgment is premature. Mr. Ferriter's motion is therefore moot.

## II. JURISDICTION

Plaintiff Warren Warclub filed his Complaint in the Montana Third Judicial District Court. C.D. 1-1. Defendant Ferriter removed this action from state court and filed a waiver of reply in order to allow the Court to conduct the pre service review required under 28 U.S.C. § 1915A. C.D. 3. The Complaint presents a federal question under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). There has been no objection to the removal. The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). The case was assigned to Hon. Dana Christensen, United States District Court Judge, and referred to this Court in compliance with Local Rule 73.1(a)(1).

## III. STATUS

Mr. Warclub is a prisoner. C.D. 2. His Complaint must be reviewed to

determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. If so, the Complaint must be dismissed. 28 U.S.C. § 1915A(b).

## IV. STANDARDS

### A. Stating a claim

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. Id. at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Leave to amend

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint

without granting leave to amend where a plaintiff's proposed amendments would be futile. Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). The court liberally construes pro se pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

### C. 42 U.S.C. § 1983

Mr. Warclub's claims arise under the Eighth Amendment of the United States Constitution. The Eighth Amendment requires that prisoners receive adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976); see also McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). To state a § 1983 claim for failure to provide medical care, a prisoner must allege a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106; Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).

Deliberate indifference under the Eighth Amendment involves two elements:

4

1) the seriousness of the prisoner's medical need; and 2) defendant's response to that need. McGuckin, 974 F.2d at 1059; see also Lolli v. County of Orange, 351 F.3d 410, 419 (9th Cir. 2003). A plaintiff must demonstrate "objectively, sufficiently serious" harm and that the officials had a "sufficiently culpable state of mind" in denying the proper medical care. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002)(citing Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995)).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104; see also Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The subjective component of deliberate indifference considers the nature of the defendant's response to the serious medical need and whether the defendant had a culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998)(quoting Farmer v. Brennan, 511 U.S. 825, 835 (1994)). "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. The second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Jett, 439 F.3d at 1096 citing McGuckin,

5

974 F.2d at 1060.

## V.  FACTS

For purposes of this review, the allegations in the Complaint are presumed to be true so long as they have some factual support.  Unsupported legal conclusions, however, are disregarded.  According to the factually supported allegations in the Complaint:

Mr. Warclub began to have pain in the later portion of 2005.  He was diagnosed with a hernia in 2007.  After he complained of this problem for several years, Dr. Rantz scheduled a consultation with Dr. Raiser.  In March 2009, Dr. Raiser consulted with Mr. Warclub and advised against surgery because the risks outweighed the benefits.  Mr. Warclub was prescribed Motrin, antacids, and instructed to wear a hernia binder.  Mr. Warclub alleges these treatments are not effective.  He alleges he suffers constant pain and discomfort.  He alleges he has complained of this pain and discomfort to medical staff nearly daily for five years to no avail.  C.D. 1-1.

Mr. Warclub filed a grievance about the denial of surgery.  In September 2010, Mr. Warclub received a response from Mr. Ferriter denying his grievance and state there would be no surgery.  C.D. 1-1, p. 4.

## VI.  ANALYSIS

## A. Deliberate Indifference

Mr. Warclub filed a prior lawsuit regarding the prison's treatment of his hernia condition in 2009. Civil Action No. 09-CV-00047-H-DWM-RKS, C.D. 7, pp. 9-10. That Complaint also alleged deliberate indifference based on the denial of surgery for Mr. Warclub's hernia. Id. Mr. Warclub's prior case was dismissed with prejudice for failure to state a claim, since Mr. Warclub had received treatment for the hernia.

In his most recent lawsuit, Mr. Warclub provides no additional facts regarding the treatment of his hernia condition. In fact, Mr. Warclub's only specific allegation against Drs. Rantz and Raiser is in regards to the March 2009 denial of surgery.

Mr. Warclub's current allegations regarding denial of surgery in 2009 are barred both by the operation of res judicata and the statute of limitations. Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (Res judicata prohibits lawsuits on claim that were adjudicated in prior action); Wilson v. Garcia, 471 U.S. 261 (1985)(statute of limitations for § 1983 claim is the state statute of limitations governing personal injury actions); Mont. Code. Ann. § 27-2-204(1)(Montana statute of limitations for personal injury action is three years).

Mr. Warclub's allegations that he has been denied treatment since 2009 fail

7

to state a deliberate indifference claim. Mr. Warclub does not allege that Mr. Ferriter ignored a substantial risk of harm to Mr. Warclub in denying the grievance request. To the contrary, Mr. Warclub alleges that prison staff consulted a surgeon, who recommended against surgery. Mr. Warclub does not allege that his condition has been ignored; he alleges only that he would prefer a different treatment – surgery. A difference of opinion as to the best course of treatment is not deliberate indifference. Toguchi v. Chung, 391 F.3d 1051, 1057–58 (9th Cir. 2004).

### B. Leave to amend

Mr. Warclub's allegations before May 23, 2009 are barred by the statute of limitations and cannot be salvaged. He may, however, be able to state a claim regarding conduct after May 23, 2009 by amending his Complaint to allege deliberate indifference by the defendants. He will be granted leave to amend.

### C. Motion for Summary Judgment/ Motion to Strike

Mr. Warclub filed a Motion for Summary Judgment on October 15, 2012. C.D. 4. Defendant Ferriter moved to strike Mr. Warclub's Motion for Summary Judgment for failure to comply with Local Rules 7.1 and 56.1. Mr. Warclub's Motion for Summary Judgment is premature.

## VII. CONCLUSION

8

Mr. Warclub's Complaint fails to state a claim upon which relief may be granted. However, it may be possible to correct the deficiencies. Therefore, Mr. Warclub may file an amended complaint.

Mr. Warclub should consider the foregoing analysis when amending, if he chooses to do so. Any amended complaint must consist of short, plain statements telling the Court: (1) the rights Mr. Warclub believes were violated; (2) the name of the defendant(s) who violated the rights; (3) exactly what <u>each</u> defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Mr. Warclub's rights; (5) when the alleged actions took place; and (6) what injury Mr. Warclub suffered because of that defendant's conduct. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976).

Mr. Warclub must repeat this process for each defendant. Conclusory statements are not enough, nor are declarations that all defendants violated some law or statute. Instead, Mr. Warclub must provide specific factual allegations for each element of each of his claims, and must state with specificity to which defendants each of his claims apply. If Mr. Warclub fails to link the conduct of a defendant with an injury suffered, the allegation against that defendant will be dismissed for failure to state a claim.

Mr. Warclub's claims must be set forth in short and plain terms, simply,

concisely, and directly. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Fed.R.Civ.P. 8. The federal rules contemplate brevity. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002); Fed.R.Civ.P. 8; cf. Fed.R.Civ.P. 9(b). He must allege specific facts to support his claim that the defendants were deliberately indifferent.

The amended complaint must be complete in itself without reference to any prior pleading. Once Mr. Warclub files an amended complaint, it replaces the original complaint and the original complaint no longer serves a function in the case. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, in an amended complaint each claim and the involvement of each defendant must be sufficiently alleged.

It is inappropriate to attach evidence to a complaint. See Rule 8 of Federal Rules of Civil Procedure. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until it comes into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). Currently, the submission of evidence is premature as Mr. Warclub is only required to state the basis for relief. Thus, in filing his amended complaint, Mr. Warclub should simply state the facts alleging defendants violated his rights and refrain from submitting exhibits.

Any amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. If Mr. Warclub fails to use the court-approved form, the Court may strike the amended complaint and recommend the dismissal of this action.

**Address Changes**

At all times during the pendency of this action, Mr. Warclub SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Warclub is released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

**Possible "Strike"**

If Mr. Warclub's amended complaint fails to state a claim upon which relief may be granted, the dismissal could count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated

or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**Possible Dismissal**

If Mr. Warclub fails to timely comply with every provision of this Order, including these warnings, this action may be dismissed. Ferdik, 963 F.2d at 1260-61 (court may dismiss an action for failure to comply with any order of the court).

It is **ORDERED:**

1. On or before December 28, 2012, Mr. Warclub may file an amended complaint.

2. The Clerk of Court is directed to provide Mr. Warclub a form for filing an amended complaint.

3. Mr. Ferriter's Motion to Strike Motion of Summary Judgment, C.D. 5, is **DENIED** as moot.

It is **RECOMMENDED:**

Mr. Warclub's Motion for Summary Judgment, C.D. 4, should be **DENIED WITHOUT PREJUDICE**.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Any objections must itemize each factual finding to which objection is made and must identify the evidence in the record relied upon to contradict that finding. In addition, the parties must itemize each recommendation to which objection is made and must set forth the authority relied upon to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude the parties from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 30th day of November, 2012.

           /s/ Keith Strong
           Keith Strong
           United States Magistrate Judge