# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| WARREN WAR CLUB,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE FERRITER, Director, Dept. of Corrections MT; ELIZABETH RANTZ, MD, Medical Director for Dept. of Corrections; and FRANK RAISER, Contract Surgeon Dept. of Corrections,<br><br>Defendants. | Cause No. CV 12-00093-H-DLC-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Judge Christensen, after informing Plaintiff Warren War Club of the standards for stating a viable Eighth Amendment claim and the importance of setting forth specific factual allegations to support such a claim, gave Plaintiff Warren War Club a third opportunity to provide additional information regarding his allegations of denial of medical care for his hernia. In response, Mr. War Club copied his original complaint (CD 1-1) word for word and filed it as his Second Amended Complaint. CD 17.

There is no need to analyze the allegations in the Second Amended

1

Complaint. Those claims were addressed in the Court's Order of November 30, 2012 (CD 7) and Findings and Recommendations of February 19, 2013 (CD 10). Judge Christensen has adopted the recommendations to dismiss those claims. There is no need to revisit those issues herein.

Judge Christensen allowed Mr. War Club an opportunity to provide additional information regarding the following allegations raised in Mr. War Club's Motion to Amend and Objections: (1) medical staff refuse to see him or respond to his complaints about ongoing and worsening pain (CD 16–Judge Christensen Order, p. 5 citing War Club's Motion to Amend CD 15 at 1-2); (2) that medical staff failed to re-assess the prescribed treatment plan even though time has passed and his condition continues to deteriorate (CD 16–Judge Christensen Order, p. 5 citing War Club's Objections CD 14, p. 6); and (3) that medical staff failed to provide treatment for other medical issues (hypertension and diabetes), treatment which might make him a better candidate for hernia surgery. (CD 16–Judge Christensen Order, p. 5 citing War Club's Objections CD 14, p. 2).

Mr. War Club was given an opportunity to amend his complaint regarding these allegations. He was specifically instructed that he had to confine his allegations to events that had transpired since May 23, 2009, that he had to

indicate what was different about his new claims that he believed should lead to a different conclusion than that reached in his 2009 case, that his second amended complaint must contain all the allegations he wished to make, and that he could not rely on his original complaint, his amended complaint, his objections or his motion for leave to amend his complaint. Lastly, he was instructed that each claim and the involvement of each defendant must be sufficiently alleged. CD 16.

Mr. War Club failed to comply with each and every one of these instructions. His allegations raised in his Motion for Leave to Amend and Objections, without additional factual support and connections to specific defendants are insufficient to give rise to a plausible Eighth Amendment claim. While Mr. War Club alleges his pain is untreated, he admits that the prison has prescribed a treatment regiment of Motrin, antacids, and to wear a hernia binder. CD 17, p. 10, ¶ 10. Mr. War Club's real issue is that this treatment plan is ineffective. The Court does not dispute that Mr. War Club is in pain and that the prison has apparently not been able to cure that pain but that alone does not establish deliberate indifference. Unfortunately, given the current state of medical science a person can suffer pain and the prison may be aware of the pain but not be in a position to relieve it. It is an unfortunate situation for Mr. War Club but it does not establish a plausible claim of deliberate indifference. Mr. War Club does

not have a constitutional right to effective medical treatment.  He continues to complain and argue that he must be afforded surgery for his hernia.  Mr. War Club is not entitled to the treatment of his choice.  Dissatisfaction or disagreement with the type and adequacy of the medical treatment is insufficient to state a Constitutional claim for deliberate indifference.  <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996); <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989) (<u>citing Estelle</u>, 429 U.S. at 107).  While Mr. War Club disputes that the basis of his lawsuit is a mere disagreement over the course of treatment, those are the only allegations he raises.  He wants surgery and the prison has determined that given his physical condition there are too many risks associated with surgery and so it is not a proper course of treatment for him.  Mr. War Club has not alleged a violation of his constitutional rights.

Given the multiple opportunities to amend his claims and correct these deficiencies, the Court finds that further amendment would be futile.  <u>Telesaurus VPC, LLC v. Power</u>, 623 F.3d 998, 1003 (9th Cir. 2010) (district court may deny a plaintiff leave to amend if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies).

**"Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma

4

pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This dismissal constitutes a strike because Mr. War Club failed to state a claim upon which relief may be granted.

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
>> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445).

For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. War Club's Complaints fails to state a claim upon which relief may be granted is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**Address Change**

At all times during the pendency of this action, Mr. War Club SHALL IMMEDIATELY ADVISE the Court of any change of address. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED**:

1. This matter should be dismissed with prejudice for failure to state a claim upon which relief may be granted. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. War

Club's failure to state a claim.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Mr. War Club's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. War Club may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. War Club files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. War Club from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 2nd day of July, 2013.

                                         */s/ Keith Strong*
                                         Keith Strong
                                         United States Magistrate Judge